UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KEITH ALLEN SHEPHERD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:15-cv-00571-TWP-DKL |
| INDIANA DEPARTMENT OF CORRECTION, | ) | |
| Defendant. | ) | |

**Entry Discussing Filing Fee, Dismissing Complaint and Directing Further Proceedings**

This matter is before the Court for screening as required of 28 U.S.C. § 1915A(b) and to address the filing fee.

**I.**

Plaintiff Keith Allen Shepherd ("Mr. Shepherd") filed his complaint on April 9, 2015 and no fee was paid with the filing. Mr. Shepherd shall have **through May 14, 2015,** in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on April 9, 2015.

**II.**

Mr. Shepherd's complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mr. Shepherd, an inmate at the Wabash Valley Correctional Facility, filed this civil action against the Indiana Department of Correction ("IDOC"). Mr. Shepherd asserts that his religion is Jewish Orthodox and that he requires a Kosher diet to practice his faith. He states that he has requested this accommodation, but his requests have been denied. Mr. Shepherd states that he has not eaten anything from the food tray he is given since his arrival at the facility on October 14, 2014. As a result he has lost weight and is sick. He seeks $250,000.00. Mr. Shepherd does not state that he seeks injunctive relief.

As presented the complaint fails to state a claim upon which relief may be granted. The reason for this ruling is that IDOC is not a viable defendant because Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984).

Without a viable defendant the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b).

**III.**

The dismissal of the complaint will not lead to the dismissal of the action at this time. Mr. Shepherd shall have **through May 14, 2015,** in which **to file an amended complaint** that states a viable claim for relief.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must identify what legal injury he claims to have suffered and which individuals are responsible for each such legal injury; (c) the amended complaint shall contain a clear statement of the relief that is sought; and (d) the amended complaint shall have the words "amended complaint" and the proper case number, 1:15-cv-571-TWP-DKL, on the first page.

If no amended complaint is filed, the action will be dismissed in its entirety for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Date: 4/14/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Financial Deputy Clerk

KEITH ALLEN SHEPHERD
209104
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838